UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ENNIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AETNA LIFE INSURANCE COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 3:18-cv-01617-WHO<br><br>**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE AND GRANTING DEFENDANTS' MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 31, 33 |

## INTRODUCTION

Plaintiff Mark Ennis became injured while covered under an employer-provided disability plan. He was denied long-term disability coverage and filed an action in this court under the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendants Aetna Life Insurance Company ("Aetna") and the TriNet Group, Inc. Long Term Disability Plan ("the Plan") now move to transfer the case to Georgia, where Ennis lived and received treatment. Their motion is DENIED because Ennis's choice of forum is entitled to some deference and they have not shown that the section 1404(a) factors favor transfer.

## BACKGROUND

Ennis is a resident of Georgia. Declaration of Mark Ennis ("Ennis Decl.") [Dkt. No. 34-2] ¶ 3. For his job as a Talent Acquisition Specialist for California-based DayNine Consulting, Ennis worked with companies all over the country, including California. *Id.* ¶¶ 3–4.

Ennis was covered by the Plan, which was insured by Aetna. *Id.* ¶ 5; Complaint ("Compl.") [Dkt. No. 1] ¶ 12; Declaration of Adam Garcia ("Garcia Decl.") [Dkt. No. 31-6] Ex. D. TriNet Group, Inc. ("TriNet") has its principal place of business in San Leandro, CA, and Aetna has its principal place of business in Hartford, CT. Declaration of Phillip Bather ("Bather

Decl.") [Dkt. No. 34-1] Exs. A, B. The documents Ennis received regarding the Plan listed Aetna as the insurer and TriNet as the administrator. *Id.* Ex. A. The "Agent for Service of Legal Process" was listed at TriNet's office in San Leandro. *Id.*

Ennis alleges that he became disabled according to the Plan's definition in April 2016. Compl. ¶ 12. He was treated by doctors in Georgia. Garcia Decl. Ex. C. After being denied disability benefits in October 2016, he filed an appeal with Aetna. Garcia Decl. Ex. D. Aetna denied his appeal from its Connecticut offices in December 2017. *Id.* On March 14, 2018 he filed a complaint against Aetna and the Plan under ERISA. Defendants filed this motion to transfer venue to the Northern District of Georgia on August 1, 2018, and I heard argument on September 12, 2018. Mot. [Dkt. No. 31-4] 1.

## LEGAL STANDARD

### I. VENUE

Venue in federal courts is governed by statute. *M.K. v. Visa Cigna Network Pos Plan*, 12-CV-04652-LHK, 2013 U.S. Dist. LEXIS 68630, at *3 (N.D.Cal. Mar. 14, 2013); *see Leroy v. Great Western United Corp.*, 443 U.S. 173, 181 (1979). Under ERISA, venue is proper (1) where the plan is administered, (2) where the breach occurred, and (3) where a defendant resides or may be found. 29 U.S.C. § 1132(e). The Ninth Circuit held that Congress "intended to expand, rather than restrict, the range of permissible venue locations" in order to provide ERISA plaintiffs with easy access to the courts. *Varsic v. U.S. Dist. Court for Cent. Dist. Of Calif.*, 607 F.2d 245, 247–48 (9th Cir. 1979).

### II. TRANSFER

A court may transfer an action to another district: (1) for the convenience of the parties, (2) for the convenience of the witnesses, and (3) in the interest of justice, provided that the action might have been brought in the transferee court. 28 U.S.C. § 1404(a); *Lee v. Lockheed Martin Corp.*, No. 03-cv-1533-SI, 2003 WL 22159053, at *1 (N.D. Cal. Sept. 16, 2003). The Ninth Circuit requires that courts consider a variety of factors in determining whether to transfer an action. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The relevant factors are:

>   (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of
>   the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with
>   the applicable law, (6) feasibility of consolidation of other claims, (7) any local
>   interest in the controversy, and (8) the relative court congestion and time of trial in
>   each forum.

*Barnes & Noble v. LSI Corp.*, 823 F.Supp.2d 980, 993 (N.D.Cal.2011) (Chen, J.). The burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). It is not enough for a defendant to merely show that it prefers another forum, and transfer will also not be allowed if the result is merely to shift the inconvenience from one party to another. *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964).

## DISCUSSION

## I. MOTION TO TRANSFER

Defendants move to transfer venue to the Northern District of Georgia under section 1404(a). They do not dispute that venue is proper in this district," [1] nor does Ennis dispute that he could have brought this case in Georgia. *See* Reply [Dkt. No. 35] 1; Opposition ("Oppo.") [Dkt. No. 34] 19. This motion requires me to determine whether transfer is justified based on convenience factors or the interest of justice. I hold that it is not.

## A. CONVENIENCE FACTORS

### 1. Plaintiff's Choice of Forum

A plaintiff's forum choice is generally afforded a great deal of deference. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). Because ERISA's broadly inclusive venue provisions show Congress's intent to ease plaintiffs' access to federal courts, deference is all the greater for plaintiffs suing under this statute. *Cent. States, Se. & Sw. Areas Pension Fund v. Blue Ridge Trucking Co.*, No. 91 C 824, 1991 WL 140100, at *2 (N.D. Ill. July 24, 1991). On the other hand, when the plaintiff has elected a foreign forum "the presumption in [his] favor applies with less

---

[1] Aetna and TriNet concede that they can be "found" here under the ERISA venue provision. A defendant can be found in any district where personal jurisdiction is proper. *Varsic*, 607 F.2d at 248.

3

force." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (citation and internal quotation marks omitted). The plaintiff's choice might also merit less consideration if (1) operative facts occurred outside the forum, (2) the forum lacks interest in the parties or subject matter, or (3) there is evidence of forum shopping. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *Burgess v. HP, Inc.*, No. 16-CV-04784-LHK, 2017 U.S. Dist. LEXIS 15801, at *32 (N.D. Cal. Feb. 3, 2017).

In *M.K.*, an ERISA plaintiff's choice of forum merited "minimal deference" where there was no "significant connection" between this district and the claim. *M.K.*, 2013 U.S. Dist. LEXIS 69365, at *9. In that case, a Utah resident had coverage through a Utah employer and received medical treatment in Utah. *Id.* at *9. The court found that the operative claims decisions had been made outside the Northern District of California and this district had no particular interest in the parties or subject matter. *Id.* at *9. The location of the provider's headquarters and the plan's agent for service of legal process were not enough to create a connection between the plaintiff's claims and the district. *See id.* at *8–9.

Here, Ennis's choice of forum is entitled to some deference. While the presumption in his favor is not as great as it would be if he had sued at home, it is strengthened by ERISA's broad latitude to plaintiffs' forum selection. *See Sinochem*, 549 U.S. at 430; *Blue Ridge*, 1991 WL 140100, at *2. This claim has more connections to this district than the *M.K.* claim did. *See M.K.*, 2013 U.S. Dist. LEXIS 69365, at *7–10. The Plan administrator TriNet is located in this district, Ennis's employer is headquartered in this district, and Ennis did work for companies in California while covered under the Plan. Ennis Decl. ¶ 3–5. While the evidence shows that Aetna issued the denial of benefits from its Connecticut address, other correspondence Ennis received about the Plan listed TriNet's San Leandro headquarters, including designating that address as the "Agent For Service of Legal Process." *See* Declaration of Sheryl Southwick ("Southwick Decl.") [Dkt. No. 31-1] ¶ 3; Bather Decl. Ex. A.

Defendants' accusations that Ennis engaged in forum shopping are unpersuasive. *See* Mot. 11–13. Ennis stated that he honestly believed he had to file suit in California and that he hired a California lawyer based on that belief. *See* Ennis Decl. ¶ 8–9. The documents provided to him by

4

1  defendants make that belief facially plausible.

2  Because Ennis's choice of forum is entitled to some deference, this factor does not weigh
3  in favor of transfer.

### 2. Convenience to the Parties

In arguing that it is more convenient for the parties to litigate in Georgia than in California, defendants primarily rely on their perception of Ennis's ability to travel. *See* Mot. 7–9; Reply 10–12. But by suing in California, Ennis "signaled a willingness to travel." *See Brown v. SunTrust Banks, Inc.*, 66 F. Supp. 3d 81, 85 (D.D.C. 2014). As for their own convenience, defendants offer little to suggest why litigating in this district would be inconvenient for them. Aetna is headquartered in Connecticut, not Georgia, and both companies have a nationwide presence. Reply 3. With "easy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices," defending this suit in California will not be meaningfully more difficult for defendants than it would be in Georgia. *See Bd. of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000); *Chamberlain v. U.S. Bancorp Cash Balance Ret. Plan*, No. 04-CV-0841, 2005 WL 2757921, at *3 (S.D. Ill. Oct. 25, 2005) (finding that a defendant "national in scope" would have "little difficulty litigating" in the district). This factor does not weigh in favor of transfer.

### 3. Convenience to Witnesses

In a long-term disability benefits action under ERISA, judicial review is limited to the administrative record. *See IBEW-NECA Sw. Health & Ben. Fund v. Gurule*, No. CIV.A. 3:03-CV-0092, 2003 WL 21281652, at *4 (N.D. Tex. May 22, 2003). This litigation is therefore unlikely to require any witnesses, a fact which both parties acknowledge. *See* Oppo. 5; Reply 17. This factor does not weigh in favor of transfer.

### 4. Ease of Access to Evidence

As noted above, this case involves a review of the administrative record. Aetna and TriNet concede that given the ease of access to electronic information, this factor is neutral. Reply 18.

### B. INTERESTS OF JUSTICE

The parties do not seriously dispute familiarity with governing law or feasibility of

consolidation. *See M.K.*, 2013 U.S. Dist. LEXIS 69365, at *12 ("ERISA is a federal statute that is uniform across the United States."). The other factors are discussed below.

### 1. Local Interest

Defendants correctly argue that Georgia has an interest in its resident being granted or denied benefits; however, the cases defendants cite do not grant transfer on the basis of local interest alone. Mot. 13; Reply 19; *see Cole v. Bell*, No. 09 C 4832, 2009 U.S. Dist. LEXIS 114317, at *8-9 (N.D. Ill. Decl. 7, 2009) ("Because this case arose from events taking place in Georgia, involves a Georgia defendant, and implicates witnesses and evidence that are located there, Georgia has a prevailing interest in resolving this litigation.") (internal quotation marks omitted). California also has an interest in this case given that TriNet is a California corporation with its principal place of business in this district. *See* Bather Decl. Ex. B. Georgia's interest is likely to be slightly greater than California's, so this factor weighs slightly in favor of transfer.

### 2. Judicial Economy/Relative Time to Trial

As I noted in *Finjan*, the new district must "promise greater efficiency" for this factor to weigh in favor of transfer. *Finjan, Inc. v. Sophos Inc.*, No. 14-CV-01197-WHO, 2014 WL 2854490, at *6 (N.D. Cal. June 20, 2014). In 2017, the time to trial was 26.7 months in this district and 26.5 months in the Northern District of Georgia. Req. Jud. Not. Ex. 1 [Dkt. No. 32-1]. There is not likely to be a meaningful difference in the time it will take either district to resolve this case. *See Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 781 (N.D. Cal. 2014) (Orrick, J.) ("The differences identified by the parties are not so significant or stark that they should weigh on transfer at this time."). This factor does not weigh in favor of transfer.

In sum, while Georgia's interest in this case is slightly greater than California's, it does not overcome plaintiff's choice of this forum. No convenience factor tilts the scale in favor of the motion to transfer. It is denied.

## II. MOTION TO SEAL

Defendants move to seal the portions of their argument and supporting documents that contain Ennis's personal identifiers and confidential medical and health information, which are protected by the Federal Health Insurance Portability and Accountability Act of 1996 and the

6

California Constitution. Finding good cause shown, I GRANT defendants' motion to seal. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir.), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38 (2016).

## CONCLUSION

For the reasons set forth above, defendants' motion to transfer is DENIED.

**IT IS SO ORDERED.**

Dated: September 24, 2018

William H. Orrick
United States District Judge